IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>DRIVESMART AUTO CARE INC.<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED**<br>**CLASS ACTION** |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Jay Connor ("Plaintiff"), by his undersigned counsel, for this class action complaint against Drivesmart Auto Care Inc. ("Defendant") alleges as follows:

**INTRODUCTION**

1. <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. "The law opted for a consumer-driven process that would allow objecting individuals

1

to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id.*….This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff also brings this action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et. Seq*.

4. The SCTPPA prohibits a company from making a call to a South Carolina telephone number that had been registered on the Do Not Call Registry, as the Plaintiff's was prior to receiving the call.

5. The Plaintiff alleges that the Defendant sent him multiple calls to a number listed on the National Do Not Call Registry, which violates both the TCPA and the SCTPPA.

## PARTIES

6.  Plaintiff Jay Connor resides in Charleston, South Carolina.

7.  Defendant Drivesmart Auto Care Inc. is a corporation based in New Jersey.

## JURISDICTION AND VENUE

8.  <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claim for violation of the SCTPPA relates to the same telemarketing campaign as the TCPA claim.

9.  <u>Personal Jurisdiction</u>: The Court has general personal jurisdiction over the Defendant because it is headquartered and has its principal place of business in New Jersey.

10. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in this District.

## FACTS

### A. The National Do Not Call Registry

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2)

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B. The SCTPPA**

14. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et. seq.*

15. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

16. The SCTPPA also requires, at the outset of a telephone solicitation, that a telephone solicitor shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made. *See* S.C. Code § 37-21-40.

17. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA. S.C. Code § 37-21-80. The SCTPPA also provides for an award of attorneys' fees and costs. *Id.*

**Unsolicited Telemarketing to Plaintiff**

18. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19. Plaintiff's residential telephone number is (843)-XXX-XXXX.

20. 843 is a South Carolina area code.

21. Plaintiff's number has been on the National Do Not Call Registry in 2009.

22. The number is a residential telephone line because it is assigned to a wireless, cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

23. The number is in the Plaintiff's name and he pays the bill.

24. The Plaintiff uses the number for personal, residential, and household reasons.

25. The Plaintiff does not use the number for business reasons and the number is not registered in the name of a business.

26. Despite this, Plaintiff received at least thirty-six telemarketing calls from the Defendant from March 2025 through the present.

27. All of the calls came from (843) XXX-XXXX or (505) XXX-XXXX numbers.

28. The calls were made to advertise car warranties.

29. The callers identified themselves as representatives from the "Vehicle Protection Center," "US Autocare" or similar names and subjects having to do with car warranties.

30. Plaintiff made multiple Do Not Call requests to the representatives.

31. Almost none of the callers provided their last names.

32. On March 25, 2025, the Plaintiff received a similar call from (843)-281-0555.

33. The caller identified herself as "Anna."

34. To identify the source of the calls, the Plaintiff requested Anna call him back at a different phone number.

35. Shortly after, Anna called the Plaintiff back from (505) 625-2195.

36. Anna then transferred the Plaintiff to "Paul."

37. Paul then sold the Plaintiff a warranty plan from the Defendant. (Contract # VYGRP756216)

38. As a result of this call from March 25, on April 1, the Plaintiff received an email from Drivesmart with a copy of the purchased warranty plan.

39. The Plaintiff continued to receive calls from (843) XXX-XXXX numbers advertising warranty plans.

40. Plaintiff made another Do Not Call Request during a subsequent call.

41. On April 14, the Plaintiff received a call from Paul again, this time identifying himself as being from Drivezenwarranty.com, a non-existent website.

42. On April 16, the Plaintiff received a call from the same (505) 625-2195 again— the same number that sold him the Drivesmart warranty.

43. Plaintiff's privacy has been violated by the above-described telemarketing messages.

44. The aforementioned messages to the Plaintiff were unwanted.

45. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their storage space, network resources, bandwidth, and battery life, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

46. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

47. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendant's encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **South Carolina TPPA Class:** All persons in the United States who have (1) South Carolina telephone numbers, (2) on the National Do Not Call Registry and received a telemarketing text message or call from or on behalf of Defendant (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

48. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

49. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of the Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendants' uniform illegal conduct.

50. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to

vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

51. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

   a. Whether the Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

   b. Whether the Defendant had established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

   c. Whether any telephone numbers were South Carolina telephone numbers, such as to fit in the South Carolina TPPA Class;

   d. Whether the Defendant sent telemarketing calls or text messages without providing a first and last name;

   e. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

52. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members in each Class, such that joinder of all members is impracticable.

53. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

   a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for the Defendant;

   b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

   c. The Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

   d. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act

54. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

55. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the National DNC Class despite their numbers being on the National Do Not Call Registry.

56. The Defendant's violations were negligent, willful, or knowing.

57. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National DNC Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

58. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION
### SCTPPA

59. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

60. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number that is registered on the National Do Not Call Registry.

61. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA, as well as attorneys' fees and costs. S.C. Code § 37-21-80.

62. As a result of the Defendant's violations of the SCTPPA, Plaintiff and members of the SCTPPA Class presumptively are entitled to an award of either $1,000 or $5,000 in damages for each and every violation made, in addition to attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. Certification of the Classes as alleged herein;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned as counsel for the Classes;

D. Attorneys' fees and costs, as permitted by law;

E. An order enjoining Defendant from making telemarketing calls to numbers using an artificial or prerecorded voice, absent an emergency circumstance;

F. An award to Plaintiff of damages and members of the Classes, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**DEMAND FOR JURY**

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this June 26, 2025.

<u>*Nicholas A. Moschella, Jr., Esq.*</u>
Nicholas A. Moschella, Jr., Esq. (Bar No. 020742007)
278 Brick Blvd.
Brick Township, NJ 08723
Phone: (732) 451-2283
nam@moschellalaw.com