IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated, | Case No. 3:25-cv-12171-ZNQ-JTQ |
| Plaintiff, | Hon. Zahid N. Quraishi |
| v. | **ANSWER OF DEFENDANT DRIVESMART AUTO CARE, INC.** |
| DRIVESMART AUTO CARE, INC., | |
| Defendants. | |

Defendant DriveSmart Auto Care, Inc. ("DriveSmart"), by and through its undersigned counsel, for its answer to the complaint, dated June 26, 2025 ("Complaint"), and asserts affirmative defenses, upon information and belief, as follows**:**

**1.** DriveAmart is without sufficient information to admit or deny the allegations in Paragraphs 1-4, 6, 8 and 11-25 of the Complaint and so, for purposes of this Answer, DENIES all such allegations.

**2.** DriveSmart admits allegations in Paragraphs 5, 7 and 9-10 of the Complaint.

**3.** DriveSmart denies allegations in Paragraph 26-45, 47-53, 55-58 and 62-62 of the Complaint.

**4.** DriveSmart incorporates by references responses to all other paragraphs as if fully stated herein to Paragraphs 46, 54 and 59 of the Complaint.

## **AFFIRMATIVE DEFENSES**

**5.** A "professional plaintiff" in the context of the Do Not Call Registry refers to an individual who intentionally seeks out violations of telemarketing laws to file lawsuits. These individuals exploit the protections offered by the federal Telephone Consumer Protection Act (TCPA) for personal profit, rather than to protect themselves from unwanted calls.

1

6. Upon information and belief, Plaintiff Jay Connor is a "professional plaintiff" who has filed multiple lawsuits to assert claims under the TCPA, including but not limited to:

    a. *Connor v. First Choice Media, LLC* (D.C.S.C Case No 2:23-cv-01452);

    b. *Connor v. Priority Concepts, Inc.* (D.C.S.C Case No 2:23-cv-03726);

    c. *Connor v. TelevisitMD, Inc. et al* (D.C.S.C Case No 2:23-cv-01799);

    d. *Connor v. Wishnia* (D.C.S.C Case No 2:24-cv-06310); and

    e. *Connor v. ServiceQuik Inc.* (D.C.Col Case No. 1:24-cv-2286).

7. Because the Plaintiff is a "professional plaintiff" of TCPA lawsuits, he does not have the privacy interest that the TCPA is intended to protect, and he has not suffered an injury-in-fact. See, e.g., *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 323 (3d Cir.2015) (stating that Congress did not enable every person or entity to sue under the Act and "[s]omeone with a generalized interest in punishing telemarketers, for example, would not qualify on that basis alone"); *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782 (W.D. Pa. 2016) (Plaintiff who purchased over 35 cell phones to support his 'business' pursuing TCPA claims did not have constitutional or prudential standing).

8. DriveSmart, without admitting any liability, hereby asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

9. The Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted against DriveSmart.

**SECOND AFFIRMATIVE DEFENSE**

10. The Complaint is without factual basis.

11. DriveSmart has engaged in a good faith review of its books and records and can find no record of any call to the telephone number identified by plaintiff during the time period identified by plaintiff.

12. DriveSmart has contacted its contracting partners and venders and requested that they check their books and records. None of the contracting partners and venders of DriveSmart have reported any record of any call to the telephone number identified by plaintiff during the time period identified by plaintiff.

13. On August 28, 2025, DriveSmart requested in writing to Plaintiff for verification of the allegations in the Complaint. As of the date of the current pleadings, Plaintiff refuses to provide any confirmation of the alleged calls to the alleged telephone number.

## THIRD AFFIRMATIVE DEFENSE

14. Some or all of Plaintiff's claims and rights, if any, against DriveSmart may be barred by the equitable doctrines of laches, estoppel and waiver.

## FOURTH AFFIRMATIVE DEFENSE

15. The claims are barred, or in the alternative damages, as a result of Plaintiff's own actions and failure to complete performance required.

## FIFTH AFFIRMATIVE DEFENSE

16. Plaintiff may have failed to serve and/or join all necessary and indispensable parties to this action.

## SIXTH AFFIRMATIVE DEFENSE

17. The Court lacks jurisdiction because Plaintiff have not suffered actual harm and therefore has no Article III standing to sue.

## SEVENTH AFFIRMATIVE DEFENSE

18. Non-Party representatives of DriveSmart never intended to call Plaintiff, even if it did.

## EIGHTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred to the extent Plaintiff previously consented to receive the alleged communications.

## NINETH AFFIRMATIVE DEFENSE

20. DriveSmart may qualify for the safe harbor provisions contained in the TCPA.

## TENTH AFFIRMATIVE DEFENSE

21. Any alleged calls to Plaintiff were not "unwanted" or "unsolicited."

## ELEVENTH AFFIRMATIVE DEFENSE

22. Plaintiff's damages, if any, were caused by their own negligence, misconduct and actions, or that of third parties, and not by any actions of defendant.

## TWELFTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims may be barred, in whole or in part, by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands

## FOURTEENTH AFFIRMATIVE DEFENSE

25. Plaintiff lacks damages, or that the damages are inconsequential and *de minimis*.

## FIFTEENTH AFFIRMATIVE DEFENSE

26. DriveSmart has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection.

## SIXTEENTH AFFIRMATIVE DEFENSE

27. Plaintiff had a duty to take reasonable steps to mitigate and/or avoid the alleged damages. Plaintiff failed to do so, and therefore may be barred, in whole or in part, from recovering damages in this case.

## SEVENTEENTH AFFIRMATIVE DEFENSE

28. DriveSmart's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit, may preclude its liability to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff consented to actions complained of in the Complaint.

30. Plaintiff's claims may be barred to the extent that Plaintiff acquiesced to the alleged conduct by DriveSmart.

## NINTEENTH AFFIRMATIVE DEFENSE

31. DriveSmart and its contractors had a First Amendment free speech right to make the alleged calls, if they were made.

## RESERVATION OF DEFENSES

32. DriveSmart expressly reserves the right to add additional defenses, particularly as they become apparent during the course of these proceedings.

**WHEREFORE,** Defendant DriveSmart respectfully request that this Court enter judgment in their favor and against Plaintiff, and award Defendant DriveSmart costs and attorney's fees and any further relief that this Court deems just and proper.

Respectfully submitted,

*Marc Block*
Marc Jonas Block (3051109)
The Law Offices of Marc Jonas Block, PC
40 River Road, Suite 19H
New York, New York 10044
646.821.6886 [Direct]
mblock@mjblocklaw.com
