IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>DRIVESMART AUTO CARE, INC.,<br><br>*Defendant, Third-Party Plaintiff*,<br>v.<br><br>DIGIDEV LLC d/b/a TRISEC WARRANTY,<br><br>*Third-Party Defendant.* | Case No. 3:25-cv-12171-ZNQ-JTQ<br><br>Hon. Zahid N. Quraishi<br><br>**THIRD-PARTY COMPLAINT** |

Defendant and third-party plaintiff DriveSmart Auto Care, Inc., by and through its counsel, as and for its third-party complaint, alleges as follows**:**

**A. Parties:**

1. Plaintiff Jay Connor ("Connor") is an individual who, upon information and belief, resides in Charleston, South Carolina.

2. Defendant and third-party plaintiff DriveSmart Auto Care, Inc. ("DriveSmart") is a corporation based in New Jersey.

3. Third-party defendant Digidev LLC d/b/a Trisec Warranty ("Trisec") is a limited liability company formed under the laws of the state of Illinois with registered assumed name of "Trisec Warranty" with actual place of business of 6433 N Sacramento Avenue, Chicago, IL 60645.

**B. Initial Pleadings:**

4. On June 26, 2025, plaintiff Connor filed the Complaint ("Complaint" (EXHIBIT "A")) against DriveSmart arising from alleged telephonic solicitations to a telephone number registered to Connor that was placed on a Do-Not-Call registry.

1

5.      On September 12, 2025, DriveSmart filed its answer with affirmative defenses ("Answer" (EXHIBIT "B")), including the Second Affirmative Defense:

> 11.     DriveSmart has engaged in a good faith review of its books and records and can find no record of any call to the telephone number identified by plaintiff during the time period identified by plaintiff.
>
> 12.     DriveSmart has contacted its contracting partners and venders and requested that they check their books and records. None of the contracting partners and venders of DriveSmart have reported any record of any call to the telephone number identified by plaintiff during the time period identified by plaintiff."

**C. Allegations Applicable To Third-Party Claims:**

6.      Following initial disclosures between Connor and DriveSmart, it appears that Connor was contacted and solicited by Trisec to enter into a Vehicle Service Contract of DriveSmart with contract number VYGRP756216.

7.      Trisec was authorized to market and sell certain vehicle service agreements of DriveSmart pursuant to certain contracts.

8.      Trisec and DriveSmart were parties to a Sales Representative Agreement, dated June 6, 2023 ("Agreement") (EXHIBIT "C").

9.      Pursuant to Section 7(a) of the Agreement, Trisec agreed to indemnify, defend and hold DriveSmart harmless from claims asserted in the Action. Specifically, Trisec agreed to

> "indemnify, defend, and hold harmless [DriveSmart]… from and against any and all damages, claims, liabilities, judgments, awards, penalties, fines, and expenses, including but not limited to reasonable attorneys' fees, court costs, punitive damages, and exemplary damages resulting from or arising out of … (2) any claims, action, or proceedings asserted by third parties against the [DriveSmart] … on account of any act, error, or omission committed by [Trisec] or [Trisec]'s agents or employees in the performance of any of [Trisec]'s obligations under this Agreement."

10.     Trisec and DriveSmart were also parties to Addendum to Producer Agreement, dated April 14, 2025 ("Addendum") (EXHIBIT "D").

11. Pursuant to Section 10(a) of the Addendum, Trisec agreed to indemnify, defend and hold DriveSmart harmless from claims asserted in the Action. Specifically, Trisec agreed to

> "indemnify, defend, and hold harmless DriveSmart, its parent, affiliates, and their respective officers, directors, employees, and agents (the 'lndemnitees') from and against any and all claims, losses, liabilities, damages, costs, and expenses (including reasonable attorneys' fees) arising out of or relating to: (iii) any violation of applicable laws or regulations (including, without limitation, the TCPA or other telemarketing/faxing/email laws, or data privacy laws) by Seller or anyone acting on Seller's behalf."

12. Trisec's obligation to indemnify DriveSmart survives the termination of the contractual relationship between the entities. *See* Agreement, ¶7(d) and Addendum, ¶ 10(a).

13. On September 12, 2025, DriveSmart provided written notice to Trisec to indemnify, defend and hold DriveSmart harmless from claims asserted in the Action (EXHIBIT "E").

14. As of the date of the current pleading, DriveSmart has not received any response to the written notice of September 12, 2025.

## COUNT I OF THIRD-PARTY COMPLAINT

15. Third-Party Plaintiff DriveSmart repeats the prior allegations of this Complaint and incorporates them by reference herein.

16. Trisec and DriveSmart are parties to the Agreement.

17. Trisec is contractually obligated under the Agreement to indemnify, defend, and hold harmless DriveSmart against claims by Connor in the current action.

18. Trisec is contractually obligated under the Agreement to reimburse DriveSmart for actual and consequential damages, costs and legal fees incurred in defenses of the current action.

## COUNT II OF THIRD-PARTY COMPLAINT

19. Third-Party Plaintiff DriveSmart repeats the prior allegations of this Complaint and incorporates them by reference herein.

20. Trisec and DriveSmart are parties to the Addendum.

21. Trisec is contractually obligated under the Addendum to indemnify, defend, and hold harmless DriveSmart against claims by Connor in the current action.

22. Trisec is contractually obligated under the Addendum to reimburse DriveSmart for actual and consequential damages, costs and legal fees incurred in defenses of the current action.

**WHEREFORE,** Third-Party Plaintiff DriveSmart respectfully requests that this Court enter judgment in their favor and against Third-Party Defendant Trisec for the following relief:

A. Indemnification DriveSmart for all damages asserted and/or awarded in the Complaint on Count I of the Third-Party Complaint;

B. Indemnification DriveSmart for all damages asserted and/or awarded in the Complaint on Count II of the Third-Party Complaint;

C. Attorneys' fees and costs, as permitted by law; and

D. any further relief that this Court deems just and proper.

Dated: November 26, 2025

Respectfully submitted,

*Marc Block*
_____
Marc Jonas Block (3051109)
LAW OFFICES OF MARC JONAS BLOCK, PC
*Attorneys for DriveSmart Auto Care, Inc.*
40 River Road, Suite 19H
New York, New York 10044
646.821.6886; mblock@mjblocklaw.com

To:   Digidev LLC d/b/a Trisec Warranty
      Attn: Subhan Noeman, CEO/President
      6433 N Sacramento Avenue
      Chicago, IL 60645