IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY CONNOR, *individually and on behalf of others similarly situated*<br><br>*Plaintiff*,<br><br>v.<br><br>DRIVESMART AUTO CARE, INC.,<br><br>*Defendant, Third-Party Plaintiff*<br><br>v.<br>DIGIDEV LLC d/b/a TRISEC WARRANTY<br><br>*Third Party-Defendant* | Civil Case No.3:25-cv-12171<br><br>**ANSWER TO THIRD PARTY COMPLAINT** |

DIGIDEV LLC d/b/a TRISEC WARRANTY by way of Answer to the Third Party Complaint

**A. Parties:**

1. The Third-Party Defendant does not have sufficient knowledge as to this allegation and therefore denies it.

2. The Third-Party Defendant does not have sufficient knowledge to this allegation and therefore denies it.

3. The Third-Party Defendant admits this allegation.

**B. Initial Pleadings:**

4. The Third-Party Defendant admits that the Complaint was filed on June 26, 2025 but does not admit to any of the allegations set forth in the Complaint.

5. The Third-Party Defendant admits that Drive Smart filed its Answer with affirmative defenses on September 12, 2025.

C. **Allegations Applicable to Third-Party Claim:**

6. The Third-Party Defendant denies this allegation.

7. The Third-Party Defendant admits this allegation.

8. The Third-Party Defendant admits this allegation.

9. The Third-Party Defendant admits this allegation.

10. The Third-Party Defendant admits this allegation.

11. The Third-Party Defendant admits this allegation.

12. The Third-Party Defendant denies this allegation.

13. The Third-Party Defendant admits this allegation.

14. The Third-Party Defendant denies this allegation.

## COUNT I OF THIRD-PARTY COMPLAINT

15. The Third-Party Defendant repeats and reiterates its prior responses as if set forth at length herein

16. The Third-Party Defendant admits this allegation.

17. The Third-Party Defendant denies this allegation.

18. The Third-Party Defendant denies this allegation.

## COUNT II OF THIRD-PARTY COMPLAINT

19. The Third-Party Defendant repeats and reiterates its prior responses as if set forth at length herein.

20. The Third-Party Defendant admits this allegation.

21. The Third-Party Defendant denies this allegation.

22. The Third-Party Defendant denies this allegation.

## SEPARATE DEFENSES

### First Affirmative Defense

The Third-Party Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Third-Party Complaint is barred by the applicable statute of limitations.

### Third Affirmative Defense

This Court lacks jurisdiction because Third-Party Plaintiff did not suffer actual harm and therefore had no Article Three standing to sue.

### Fourth Affirmative Defense

The Plaintiff consented to all phone calls

### Fifth Affirmative Defense

Third-Party Defendant is entitled to the Safe Harbor Defense

### Sixth Affirmative Defense

The Third-Party Plaintiff damages, if any, are a result of the conduct of third parties over whom defendant has no control.

### Eighth Affirmative Defense

The Plaintiff's Claims Against Third Party Plaintiff are barred by the Doctrine of Waiver

### Ninth Affirmative Defense

The Plaintiff's Claims are barred by the Doctrine of Unclean Hands.

### Tenth Affirmative Defense

The Plaintiff's Claims are barred by the Entire Controversy Doctrine

### Eleventh Affirmative Defense

The plaintiff released these claims through a settlement agreement that resolved litigation between all parties in matter entitled Jay Connor v. Drivesmart Auto Care, et al filed in the Northern District of Illinois, 1:24-cv-08413.

### Twelfth Separate Defense

The plaintiff's Complaint fails to qualify as a class action under Fed. R. Civ. P. 23 because, among other things, the Complaint fails to meet the numerosity, typically, commonalty, and predominance requirements for class actions.

### Thirteenth Separate Defense

The Plaintiff's claims and Third-Party Plaintiff's Claims are barred by the doctrine of Accord and Satisfaction.

### Fourteenth Separate Defense

\_\_\_\_\_The Third-Party Defendant reserves the right to Amend its Answer to assert additional Affirmative Defenses.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

The Third-Party Defendant hereby certifies that the matter in controversy is not the subject of any other action pending in any other court and is not the subject of a

pending arbitration proceeding and that he has no knowledge of any contemplated action or arbitration proceeding which is contemplated regarding the subject matter of this action, and that he is not aware of any other parties who should be joined in this action.

### JURY DEMAND

The Third-Party defendant demands a trial by jury on all issues.

/s/ Peter Cipparulo, III
Law Offices of Peter Cipparulo, III, LLC
349 Route 206, Suite K
Hillsborough, NJ 08844
(908) 275-8777
(973) 737-1617 (facsimile)
petercipparulo@cipplaw.com
Attorney for Third-Party Defendant
DIGIDEV LLC d/b/a TRISEC WARRANTY

DATED: January 23, 2026