

THE WEITZ FIRM, LLC
A TRIAL BOUTIQUE

1515 MARKET STREET, #1100
PHILADELPHIA, PENNSYLVANIA 19102
(267)587-6240

Max S. Morgan, Esquire
max.morgan@theweitzfirm.com

April 2, 2026

**VIA CM/ECF**
Hon. Justin T. Quinn, U.S.M.J.
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

> **Re:**   *Connor v. DriveSmart Auto Care, Inc.*
> Case No. 3:25cv-12171-ZNQ-JTQ (D.N.J.)

Dear Judge Quinn:

This firm, along with Paronich P.C. and Law Office of Nicholas A. Moschella, Jr., represent Plaintiff, Jay Connor ("Plaintiff"), in the above referenced putative class action brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227. Pursuant to Local Rules 16.1 and 37.1 and Paragraph 6 of your Honor's Civil Case Management Order, Plaintiff writes to bring the following discovery dispute to the Court's attention.

**I.     Third Party Defendant DigiDev, LLC d/b/a Trisec Warranty's ("Trisec") Objections and Responses to Plaintiff's Request for Production of Documents and Objections and Answers to Plaintiff's Interrogatories Are Deficient**

**A.     Discovery Requests and Responses at Issue.**

Trisec's discovery responses, attached as **Exhibit A**, are deficient and violate both the Federal Rules of Civil Procedure and this Court's Local Rules. First, Trisec's interrogatory responses are nonresponses and only state that Defendant "will answer" at some undetermined time in the future. This is improper. *See* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"). In addition,

the interrogatory responses are not verified, as required. *See* Fed. R. Civ. P. 33(b)(5); L.Civ.R. 33.1(b). Trisec's responses to Plaintiff's Request for Production of Documents are no better. In response to requests 1-4, 6, 8, 13, 14, and 16-19, Trisec again states that it "will answer" the requests. However, to date, Trisec has not produced documents or any amended responses. With respect to requests 5, 7, 9-12, 15, Defendant provides only a general, boilerplate objection stating, "[t]hird Party Defendant objects as this demand is unduly vague and overbroad as to the scope of information sought." These objections are improper. *See, e.g., Younes v. 7-Eleven, Inc.,* 312 F.R.D. 692, 704 (D.N.J. 2015) (citing cases) (broad-based, non-specific and general objections are meaningless and will be disregarded). Trisec also fails to "state whether any responsive materials are being withheld on the basis of that objection" in violation of Fed. R. Civ. P. 34(b)(2)(C). Accordingly, Plaintiff is unable to determine if any documents are being withheld on the basis of Defendant's general, boilerplate objection.

**B.**      **Efforts to Resolve the Dispute Without Court Intervention**

With respect to Trisec, Plaintiff has made the following efforts to resolve the dispute without Court intervention:

Plaintiff's counsel and Trisec's counsel met and conferred via written correspondence for a number of weeks in February and March culminating in a telephone call on March 24, 2026. Following that telephone call, Plaintiff's counsel and Trisec's counsel exchanged written correspondence, but have not been able to resolve the dispute.

**C.**      **Relief Requested**

Plaintiff seeks an order compelling Trisec to produce relevant documents and provide complete amended responses within ten (10) days.

**II.** **Defendant DriveSmart Auto Care Inc.'s ("DriveSmart") Objections and Responses to Plaintiff's First Set of Discovery[1]**

**A.** **Discovery Requests and Responses at Issue.**

*i.* *Interrogatory No. 8*

Interrogatory No. 8 asks DriveSmart to "[i]dentify all communications you've had with any third party, other than your counsel, regarding this lawsuit." DriveSmart objected but also produced certain email communications and an indemnification demand in response. The response did not indicate if any documents or communications were being withheld based on any objection. Plaintiff requested that DriveSmart amend its response to indicate if any documents were being withheld and to clarify whether there were any oral communications. Defendant has refused to amend the response accordingly.

*ii.* *Interrogatory Nos. 14 and 17*

Interrogatory No. 14 asks DriveSmart to "[i]dentify all governmental investigations, inquiries, or complaints received from the FCC, FTC, state attorneys general, or any other regulator concerning outbound telemarketing during the relevant time period." Interrogatory No. 17 asks DriveSmart to identify "person[s] (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls."

DriveSmart objected to these requests. These requests are relevant to what DriveSmart was aware of with respect to its, and its vendors, outbound telemarketing operations – which are directly at issue in this case. This information is relevant to the issue of vicarious liability. *See, e.g., Johansen v. Liberty Mut. Grp.*, Civil Action No. 15-cv-12920-ADB, 2017 U.S. Dist. LEXIS

---

[1] A copy of Defendant DriveSmart's Objections and Responses to Plaintiff's First Set of Discovery is attached hereto as **Exhibit B**.

200422, at *10 (D. Mass. Dec. 5, 2017) (ordering production of investigation and audit related materials); *United Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 411 (D. Md. 2005) (permitting discovery of information as to other claims, complaints, and lawsuits as probative of what the defendant "knew or should have known"). It is also relevant to the question of whether the violations were willful or knowing. *See, e.g., In re Monitronics Int'l, Inc.*, No. MDL No. 1:13-md-2493, 2014 U.S. Dist. LEXIS 10028, at *20 (N.D.W. Va. Jan. 28, 2014) (ordering production of prior complaint information as relevant to the willfulness issues and vicarious liability).

### iii.    *Interrogatory No. 15*

Interrogatory No. 15 asks DriveSmart to "[i]dentify the individual(s) responsible for supervising and monitoring each third-party vendor's telemarketing activities during the relevant time period." DriveSmart responded by referencing its response to Interrogatory No. 2, which identifies its vendor involved in making outbound calls, Trisec. This response is nonresponsive because the request seeks information about individuals at *DriveSmart* that are responsible for the third-party vendor's activities. During meet-and-confer attempts, DriveSmart has taken the position that the responsive information is in the possession of Trisec, which shows DriveSmart misunderstands the interrogatory. If there is an individual at *DriveSmart* that was responsible for the relationship and for supervising and monitoring Trisec, that individual should be identified. If DriveSmart' s position is that no person had that responsibility and it did not monitor or supervise Trisec, it should clarity that position.

### iv.    *Request for Production Nos. 11 and 12*

Request No. 11 seeks "[a]ll communications with any third party that provided you the Plaintiff's telephone number." Request No. 12 seeks "[a]ll internal communications at your company regarding any third party that provided you the Plaintiff's telephone number."

DriveSmart objected but produced certain documents and referenced documents and filings in a prior matter. The responses, however, do not state whether or not DriveSmart is withholding documents based on its objections.  *See* Fed. R. Civ. P. 34(b)(2)(C).

The communications Plaintiff seeks are relevant to how the calls were made, Defendant's relationship with third parties involved in the calling activity, and issues of agency and control. This evidence is critical to the fact intensive inquiry necessary to resolve the question of vicarious liability, as other courts have held in the TCPA vicarious liability context. *See e.g. Braver v. Northstar Alarm Sercs., LLC*, 2019 U.S. Dist. LEXIS 118080, *18-25 (W.D. Okla. 2019) (detailing email and other communications as basis for finding vicarious liability in a TCPA telemarketing case); *see also In re Monitronics Int'l, Inc.*, 2014 U.S. Dist. LEXIS 10028, *20-23 (N.D. W.V. 2014) (granting motion to compel discovery relevant to vicarious liability in a TCPA telemarketing case). Recognizing the needs for these documents to engage in a vicarious liability analysis, the same requests were compelled by another federal court in a TCPA vicarious liability putative class action in *Frey v. Frontier Utilities Northeast, LLC*, *et. al.*, Civil Action No. 19-2372, 2020 U.S. Dist. LEXIS 260620, at *2-8 (E.D. Pa, April 13, 2020).

In meet and confer efforts, DriveSmart has represented that "all responsive disclosure has been provided."  However, DriveSmart has not amended its responses to indicate whether or not DriveSmart is withholding any communications on the basis of any objection.  DriveSmart should be required to amend its responses to make clear whether it is withholding any documents on the basis of any objection.

### v.    *Request for Production Nos. 17*

Request No. 17 seeks "all complaints, investigations, inquiries, or communications received by you or any vendor acting on your behalf from consumers, the FCC, FTC, state

attorneys general, or any other regulator relating to outbound telemarketing during the relevant time period." DriveSmart objected to this Request and failed to "state whether any responsive materials are being withheld on the basis of that objection" in violation of Fed. R. Civ. P. 34(b)(2)(C). These documents are relevant for the same reasons discussed above with respect to Interrogatories 14 and 17 and should be produced.

During the parties meet and confer teleconference, Plaintiff requested that DriveSmart identify what is potentially being withheld and what would be responsive if Plaintiff were to limit the Request to do-not-call complaints. DriveSmart did not provide a response regarding what was being withheld and/or Plaintiff's proposal to narrow the request.

**B.      Efforts to Resolve the Dispute Without Court Intervention**

Plaintiff's counsel and DriveSmart's counsel met and conferred via videoconference on January 29, 2026. Following that videoconference Plaintiff's counsel and DriveSmart's counsel exchanged written correspondence, but have not been able to resolve the dispute.

**C.      Relief Requested**

Plaintiff seeks an order compelling DriveSmart to produce relevant documents in response to Request for Production Nos. 11, 12 and 17 within ten (10) days. Plaintiff also seeks an order compelling DriveSmart to amend interrogatory responses 8, 14, 15 and 17 within ten (10) days.

Very truly yours,

**THE WEITZ FIRM, LLC**

MAX S. MORGAN, ESQUIRE

cc:    Anthony Paronich, Esq. (via email)
       Nicholas A. Moschella, Esq. (via email)
       Peter Cipparulo, Esq. (via email)
       Daniel Rodd (via email)