# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAY CONNOR, individually and behalf of others similarly situated,<br><br>              Plaintiff,<br>       vs.<br>DRIVESMART AUTO CARE, INC.,<br><br>   Defendant, Third Party Plaintiff<br><br>       vs.<br><br>DIGIDEV, LLC d/b/a TRISEC WARRANTY | Case No. 3:25-cv-12171<br><br>Civil Action<br><br><br>**THIRD PARTY DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES** |

Third Party Defendant, **DIGIDEV, LLC d/b/a TRISEC WARRANTY** by and through its attorneys Law Offices of Peter Cipparulo, III, LLC, submits the following as its objections to the Plaintiff's Interrogatories.

<u>GENERAL OBJECTIONS</u>

1.   On the advice of counsel, responding party objects to each inquiry contained in plaintiff's First Set of Interrogatories to the extent that responding party is required to disclose information and/or documentation protected from disclosure or other discovery under the attorney/client privilege, work product doctrine, and/or other applicable privileges or protections.  Without limitation, this responding party will not produce any information reflecting the mental impressions, conclusions, opinions, legal theories or other work product of its counsel or any privileged or confidential information gained by its counsel.

2.   On advice of counsel, responding party further objects to each inquiry

contained in plaintiff's first set of interrogatories to the extent that it calls for information irrelevant and immaterial to the specific causes of action plead.

3.  On advice of counsel, responding party objects to each and every interrogatory to the extent that it seeks confidential, commercial, research and development, subsequent remedial measures or changes, financial or business records, trade secrets, and/or business records.

4.  On the advice of counsel, responding party objects to each Interrogatory to the extent that it overly broad, unduly burdensome, oppressive and seeks information which is neither relevant to the causes of action involved in the pending action nor reasonably calculated to lease to the discovery of admissible evidence.

5.  On the advice of counsel, responding party objects to each and every Interrogatory to the extent that it seeks information not in this defendant's possession, custody or control.

6.  On the advice of counsel, responding party objects to plaintiff's inappropriate and incomplete definitions, nomenclature and terminology employed within each interrogatory.  Such incomplete and inappropriate definitions and questioning will make the questions vague and intelligible such that a meaningful response cannot be provided.

7.  On the advice of counsel, responding party objects to plaintiff's interrogatories to the extent that they seek information or documentation with regard to individuals or entities other than the named plaintiff and any response or production would violate the rights and confidentiality protections of said non-party individuals who have not authorized the release of their protected information or documentation.

8.  On advice of counsel, responding party objects to each interrogatory which

relates to materials authored by third parties/entities which materials are equally accessible to plaintiff.  As such, said information or material shall not be provided as plaintiff may easily bear the burden of their own research.

1. In providing a good faith response to interrogatories, this responding party does not expressly or impliedly adopt, ratify or accept any definition, description, identification or terminology employed by plaintiff with regard to questions and requests. All such objections to said terminology and definitions are preserved for resolution prior to or at time of trial.

Each individual objection is set forth in the following responses.

/s/ Peter Cipparulo, III
PETER CIPPARULO, III

DATED:   February 18, 2026

**INTERROGATORIES**

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:  Third Party Defendant will answer.**

2. Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system

platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER:  Defendant will answer subject to objection pertain to overbroad scope of information sought.**

3.      Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER:  Defendant will answer subject to objection pertain to overbroad scope of information sought.**

4.      Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER:**

**Third party defendant objects to this interrogatory as unduly vague and not specific to the scope of information sought. Notwithstanding this objection, third party defendant will answer.**

5.    Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER**:  **Defendant will answer as to its employees which spoke to plaintiff but objects to information that is not within the scope of its knowledge**

6.    If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:**

**Defendant will answer.**

7.    If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:**        **Defendant will answer.**

8.      Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:**

**Third party defendant objects to this interrogatory as unduly vague, overbroad and not specific to the scope of information sought. Notwithstanding this objection, third party defendant will answer.**

9.      Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:**

**Defendant will answer but objects to information that is not within the scope of its knowledge**

10.     State all facts in support of any affirmative defenses you have raised.

**ANSWER**:

**Defendant will answer subject to continuing investigation and discovery.**

11.     Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**:

**Third party defendant objects to this interrogatory as unduly vague, overbroad and not relevant. Notwithstanding this objection, third party defendant will answer**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY CONNOR, individually and behalf of others similarly situated,<br><br>Plaintiff,<br>vs.<br>DRIVESMART AUTO CARE, INC.,<br><br>Defendant, Third Party Plaintiff<br><br>vs.<br><br>DIGIDEV, LLC d/b/a TRISEC WARRANTY | Case No. 3:25-cv-12171<br><br>Civil Action<br><br>**THIRD PARTY DEFENDANT'S OBJECTIONS AND RESPONES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

Third Party Defendant, **DIGIDEV, LLC d/b/a TRISEC WARRANTY** by and through its

attorneys Law Offices of Peter Cipparulo, III, LLC, submits the following as its objections

to the Plaintiff's Interrogatories.

.

<u>GENERAL OBJECTIONS</u>

1.    Third Party Defendant responds to each Request propounded by the plaintiff

subject to its objections to the instructions and definitions as well as to the general

objections set forth herein.  These objections form a part of the answer to each Request,

and are set forth here to avoid duplication by restating them for each request.  These

general objections may be specifically referred to in response to a certain Request for the

purpose of clarity.  However, the failure specifically to refer to a general objection is not

and shall not be construed to be a waiver of any general objection, even if other general

objections are specifically stated in response to a Request.

2. Third Party Defendant objects to any and all Requests to the extent they seek information and documents that are subject to the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege. Defendant RPM objects to each of the Requests to the extent they seek information or materials prepared in anticipation of or for litigation or which reflect trade secrets, confidential, commercial, or business information, or information subject to other applicable privileges. In responding to each Request, defendant will not undertake to provide privileged information.

3. Third Party Defendant objects to any and all Requests to the extent they seek to impose upon Defendant any obligation beyond those imposed by the Federal Rules of Civil Procedure.

4. Third Party Defendant objects to any and all Requests to the extent they seek confidential or proprietary information and documents, or information and documents protected from disclosure by law, court order, or agreement respecting confidentiality or non-disclosure.

5. Third Party Defendant objects to any and all Requests to the extent they seek disclosure of information on the grounds that such requests are overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and exceed the scope of the Federal Rules of Civil Procedure, by seeking disclosure of privileged, confidential, proprietary, sensitive, or otherwise protected information.

6. Third Party Defendant objects to any and all Requests to the extent that the information sought by the plaintiff's Requests may be derived or ascertained from

documents available to the Plaintiff or which may be more readily available from a more convenient, less burdensome, and/or less expensive source.

7. Third Party Defendant objects to any and all Requests to the extent they seek information and/or documents which were prepared, generated, or received in anticipation of or after the commencement of this litigation.

8. Third Party Defendant objects to each of the Requests as overly broad and unduly burdensome to the extent that they fail to specify a relevant time period.

9. Third Party Defendant objects to each Request to the extent that it uses terms that defendants cannot interpret or understand in the context within which they are presented.   In this regard, where possible, defendants have made reasonable assumptions as to the plaintiff's intended meanings and provided their responses accordingly, while preserving their objections as to vagueness, ambiguity, and uncertainty.

10. An agreement by Third Party Defendant to produce certain documents in response to certain Requests is not a representation that any such documents exist.

11. An agreement by Third Party Defendant to produce certain documents in response to certain Requests subject to objections means that they will produce those documents not encompassed by the objections.

12. An agreement to produce certain documents in response to certain Requests means that Third Party Defendant will produce those relevant, non-privileged, responsive documents to the extent that they exist and can be located, at a mutually agreeable time and place.  To the extent that Third Party Defendant has already produced documents which are responsive to the Requests, such documents will not be produced again.

13. Third Party Defendant reserves its rights to challenge the competency, relevance, materiality, and admissibility of, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this or any other action.

14. These answers and objections are based upon information now known. Defendant have not yet completed its investigation of the facts pertaining to this action and therefore reserves its rights to amend, modify, and//or supplement its answers and objections as set forth herein.

February 18, 2026                                    /s/ Peter Cipparulo, III
                                                     PETER CIPPARULO, III

## DOCUMENT REQUESTS

1.      Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:**

**Third Party Defendant will answer**

2.      Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:**

**Third Party Defendant will answer**

3.      Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:**

**Third Party Defendant will answer**

4.      Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:**

**Third Party Defendant objects as this demand is unduly vague and overbroad as to the scope of information sought.  Notwithstanding this objection, third party defendant will answer.**

5.      Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or

unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:**

**Third Party Defendant objects as this demand is unduly vague and overbroad as to the scope of information sought**

6. All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

**Third Party Defendant will answer**

7. All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

**Third Party Defendant objects as this demand is unduly vague and overbroad as to the scope of information sought**

8.      All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

**Third Party Defendant will answer**

9.      All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

**Third Party Defendant objects as this demand is unduly vague and overbroad as to the scope of information sought**

10.     All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

**Third Party Defendant objects as this demand is unduly vague and overbroad as to the scope of information sought**

11.     All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE:**

**Third Party Defendant objects as this demand is unduly vague and overbroad as to the scope of information sought**

12.    All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE:**

**Third Party Defendant objects as this demand is unduly vague and overbroad as to the scope of information sought**

13.    All contracts or documents representing agreements with Drivesmart Auto.

**RESPONSE:**

**Third Party Defendant will answer**

14.    All communications Drivesmart Auto regarding telemarketing or lead origination.

**RESPONSE:**

**Third Party Defendant objects as this demand is unduly vague and overbroad as to the scope of information sought.  Notwithstanding this objection, third party defendant will answer.**

15.     All internal communications at your company regarding Drivesmart Auto and telemarketing or lead origination.

**RESPONSE:**

**Third Party Defendant objects as this demand is unduly vague and overbroad as to the scope of information sought**

16.     Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:**

**Third Party Defendant will answer**

17.     Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:**

**Third Party Defendant will answer**

18.     Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a)  compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b)  obtaining or verifying prior express consent;

c)  complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:**

**Third Party Defendant will answer**

19.     Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors to the Plaintiff:

    a)  the date and time;

    b)  the caller ID;

    c)  any recorded message used;

    d)  the result;

    e)  identifying information for the recipient; and

    f)  any other information stored by the call detail records.

**RESPONSE:**

**Third Party Defendant will answer**

20.     All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:**

**Third Party Defendant objects as this demand is unduly vague and overbroad as to the scope of information sought**