# EXHIBIT B

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated, | CASE NO. 1:25-cv-12171 |
| *Plaintiff*, | **DEFENDANT DRIVESMART AUTO CARE INC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY** |
| against | |
| DRIVESMART AUTO CARE, INC, | |
| *Defendants*. | |

Defendant DRIVE SMART AUTO CARE INC ("Defendant" and/or "Responding Party"), by and through undersigned counsel, as and for its Objections and Responses to Plaintiff JAY CONNOR's ("Plaintiff" and/or "Demanding Party") not dated First Set of Discovery.

**PLEASE TAKE NOTICE** that these responses are made solely in relation to the above-captioned Action and are proffered only for the purpose of responding to the referenced document requests. All responses are subject to the objections noted below. Additionally, objections (including, without limitation, objections as to admissibility, relevance, propriety, confidentiality, hearsay and materiality) which, if sustained at trial, would require the exclusion of any response contained herein or any document referred to herein, as reserved. In addition, these responses are produced without prejudice to the Responding Parties' right to produce, at a later date, subsequently discovered appropriate responses, documents or evidence.

## GENERAL OBJECTIONS TO ALL DEMANDS

**I.    SPECIFICATIONS, DEFINITIONS AND INSTRUCTIONS**

All general objections are hereby incorporated into each specific response. Any objection or lack of objection to any portion of the request is not to be deemed an admission that the Responding Party has documents sought in a particular request.

1

Docusign Envelope ID: 26B0D134-E9C2-4639-A751-F95259A969FF

A        The Responding Party objects to all definitions, specifications, instruction and Interrogatories insofar as they purport to require the production or disclosure of any privileged communication or of an attorney's work product on the ground that such discovery is impermissible.

B        The Responding Party objects to all definitions, specifications, instructions and Interrogatories insofar as the purport to require the production of responses or documents outside the possession, custody or control of the Responding Party on the grounds that such discovery is overly broad and unduly burdensome.

C        The Responding Party objects to all definitions, specifications, instructions and Interrogatories insofar as they purport to require the production of original documents rather than a "best quality" copy of the documents on the ground that such requirement in unduly burdensome.

D        The Responding Party objects to all definitions, specifications, instructions and Interrogatories insofar as they purport to require The Responding Party to account for information or documents of which Responding Party are no longer aware or that are no longer in his possession, custody or control or in existence on the grounds that such requirement is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

E        The Responding Party objects to all definitions, specifications, instructions and Interrogatories insofar as they purport to require the production of responses or documents which do not relate to the claim or defense of any party to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

F        The Responding Party objects to all definitions, specifications, instructions and Interrogatories insofar as they request information beyond the scope permitted under the FRCP and/or are not material and necessary to the prosecution/defense of the action.

G       Responding Party objects to the Interrogatories to the extent they seek information which is protected against compelled disclosure under the attorney-client privilege and /or the attorney work-product doctrine, or seek information concerning experts or their opinions beyond the confines of the FRCP or evidencing or constituting material prepared in anticipation of litigation. Responding Party objects to the Interrogatories

H       By responding to the Interrogatories, Responding Party does not waive any privilege, and expressly reserves the right to recall at any time any responses or documents produced inadvertently to which any privilege is attached.

I       All responses submitted herein are based upon the present knowledge, information and belief of Responding Party and are provided subject to such additional information as may be recalled or discovered in the future. Responding Party reserves the right to supplement its responses to the Interrogatories as discovery proceeds or new information becomes known.

J       Responding Party objects to the Interrogatories insofar as they are unintelligible, vague, or otherwise unclear as to the precise responses, documents or things sought.

K       Responding Party objects to the Interrogatories to the extent that they seek information beyond its possession, custody, control or knowledge.

L       Responding Party has looked for responsive information and/or documents where they would most likely be located. To the extent the Interrogatories seek to have Responding Party undertake a search for information or documents beyond the search identified above, Responding Party objects to the Interrogatories as unduly burdensome.

M       Responding Party expressly reserves the right to object to the use of any information or document produced in response to the Interrogatories on the ground of relevance

3

or for any other reason. This response does not waive any objection that he may have to any other discovery request involving or relating to the subject matter of the Interrogatories.

N       The fact that Responding Party objects to any particular demand should not be construed to mean that information or documents responsive to such request exist. Similarly, the statement that Responding Party will produce information or documents in response to any particular inquiry should not be construed to mean that documents of a type or in the category described in the request in fact exists. Furthermore, the production of any information or documents that are otherwise subject to any objection is not waived of any such objection as to any other information or documents not produced.

O       Responding Party objects to the Request to the extent they seek information and/or documents protected by the attorney-client privilege, the attorney work-product doctrine, and all other applicable privileges or protections.

P       Responding Party objects to these Interrogatories (as well as the instructions or definitions) to the extent they seek to impose obligations on Responding Party not otherwise imposed by the FRCP or the local rules of this Court. Responding Party objects to these Interrogatories to the extent they seek documents and things not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

Q       Nothing contained herein shall be construed as an admission relative to the existence or possession of any information or document. No response is an admission respecting the relevance or admissibility of any information or document or the truth or accuracy of any statement or characterization contained in the request.

R       Responding Party objects to these Interrogatories to the extent that they call for information or documents that are equally accessible to both parties or are more accessible to Demanding Party than to Responding Party.

S       Responding Party objects to these Interrogatories to the extent that they seek documents and information outside of Responding Party's possession, custody or control or which cannot be located by a reasonable search.

T       Responding Party objects to these Interrogatories to the extent that they are not limited to an identifiable scope and, as such, are overly broad, unruly burdensome, vexatious, harassing and/or not reasonably calculated to lead to the discovery of admissible evidence.

U       Responding Party objects to these Interrogatories to the extent that they are unreasonably cumulative or duplicative, or to the extent that the information sought may be obtained from another source in a more convenient, less burdensome, or less expensive manner.

V       Responding Party objects to these Interrogatories to the extent they are vague and ambiguous.

W       Responding Party objects to these Interrogatories as argumentative, requiring the adoption of an assumption, which is improper.

X       Responding Party objects to these Interrogatories as seeking premature disclosure of expert opinion in violation of Code of Civil Procedure sections 2034.210, 2034.220, and 2034.270. The interrogatory also seeks attorney work-product in violation of Code of Civil Procedure sections 2018.020 and 2018.030. Plaintiff has not decided on which, if any, expert witnesses may be called at trial; insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff 's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege.

5

Y       Responding Party objects to these Interrogatories as seeking the legal reasoning and theories of Responding Parties' contentions. Responding Parties are not required to prepare the opposition's case.

Z       Discovery is ongoing and Responding Party reserves the right to supplement these responses and/or objections at a later date.

## II.      <u>INTERROGATORIES - RESPONSES AND SPECIFIC OBJECTIONS</u>

Subject to, and without waiving either the General Objections above or the Specific Objections set forth in response to each enumerated request, within the following set forth parameters, the Responding Party respond, within the limits of these objections, as set forth below.

**PLEASE NOTE** that the Responding Party reserves its right to object to the usage of the information and/or documents in this matter, and to their admissibility at trial.

### <u>SPECIFIC RESPONSES TO INTERROGATORIES</u>

***Interrogatory Number 1:***     Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

***Response:***     Responding Party, responsive to the current interrogatory, identifies the following individual:    Daniel Rodd.

***Interrogatory Number 2:***     Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. Your answer shall: (a) Identify each third-party vendor by its full legal name, corporate address, state of incorporation, and web address; (b) State the specific nature of each vendor's role (e.g., dialing calls, generating leads, providing transfers, sourcing phone numbers, data management); and (c) State the nature of the contractual relationship (direct with you or through any sub-vendor), including the date the relationship began and ended.

Docusign Envelope ID: 26B0D134-E9C2-4638-A751-F95259A969FF

***Response:*** Responding Party identifies Digidev LLC in responds to the current interrogatory as the entity in possession of knowledge and documents responsive to the current interrogatory. Digidev LLC d/b/a Trisec Warranty ("Trisec") is a limited liability company formed under the laws of the state of Illinois with registered assumed name of "Trisec Warranty" with actual place of business of 6433 N Sacramento Avenue, Chicago, IL 60645. Reference is made to documents previously produced by Responding Party with bate numbers DRIVESMART 1-39. Corporate registration information can be found at DRIVESMART 40-41.

***Interrogatory Number 3:*** Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

***Response:*** See response to Interrogatory Number 2.

***Interrogatory Number 4:*** Identify all third parties or subcontractors used by any vendor identified in response to Interrogatory No. 2. Your answer shall include all subcontractors, whether located domestically or abroad, such as call centers, lead/data providers, transfer vendors, and technology platforms, and shall describe the nature of their role and the identity of the vendor through which they were retained.

***Response:*** See response to Interrogatory Number 2.

***Interrogatory Number 5:*** Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

***Response:*** See response to Interrogatory Number 2.

***Interrogatory Number 6:*** If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

***Response:*** See response to Interrogatory Number 2.

7

***Interrogatory Number 7:*** If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

***Response:*** See response to Interrogatory Number 2.

***Interrogatory Number 8:*** Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

***Response:*** Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party makes reference to documents previously produced with bate number DRIVESMART 42-44 and 77-78.

***Interrogatory Number 9:*** Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

***Response:*** See response to Interrogatory Number 2.

***Interrogatory Number 10:*** State all facts in support of any affirmative defenses you have raised.

***Response:*** Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party adopts by reference the allegations in paragraphs 5-32 of the Answer of Defendant DriveSmart Auto Care, Inc. (ECF Doc No. 9) and paragraphs 1-22 of the Third-Party Complaint (ECF Doc No. 15).

***Interrogatory Number 11:*** Identify and describe in detail the process by which you (or any vendor acting on your behalf) "scrubbed" telephone numbers against the National Do Not Call

8

Registry during the relevant time period. In your answer, identify all persons involved, the software or service provider(s) used, and the frequency of such scrubs.

*Response:*      See response to Interrogatory Number 2.

*Interrogatory Number 12:*    Identify and describe all methods by which you claim to have obtained prior express written consent for outbound calls or texts made during the class period. In your answer, identify each vendor, lead generator, or affiliate involved and specify whether any records of such consent exist.

*Response:*      See response to Interrogatory Number 2.

*Interrogatory Number 13:*    Identify each person or entity responsible for TCPA or Do Not Call Registry compliance during the relevant period, including their job titles, dates of service, and specific responsibilities.

*Response:*      See response to Interrogatory Number 2.

*Interrogatory Number 14:*    Identify all governmental investigations, inquiries, or complaints received from the FCC, FTC, state attorneys general, or any other regulator concerning outbound telemarketing during the relevant time period.

*Response:*      Responding Party objects to the request as overly broad and unduly burdensome,

seeking information that is beyond the scope of permissible discovery.

*Interrogatory Number 15:*    Identify the individual(s) responsible for supervising and monitoring each third-party vendor's telemarketing activities during the relevant time period. For each such individual, state their name, title, dates of service, and describe the scope of their responsibilities in overseeing vendor compliance with telemarketing laws, regulations, or your internal policies.

*Response:*      See response to Interrogatory Number 2.

*Interrogatory Number 16:*    Identify and describe all compensation structures, commissions, or payment arrangements between you and any third party or vendor that made calls on your behalf

9

during the relevant time period, including whether compensation was tied to call volume, transfers, sales, conversions, or any other performance metric.

***Response:***    See response to Interrogatory Number 2.

***Interrogatory Number 17:***    Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

***Response:***    Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery.

## III.    DOCUMENT DEMANDS - RESPONSES AND SPECIFIC OBJECTIONS

Subject to, and without waiving either the General Objections above or the Specific Objections set forth in response to each enumerated request, within the following set forth parameters, the Responding Party respond, within the limits of these objections, as set forth below.

**PLEASE NOTE** that the Responding Party reserves its right to object to the usage of the information and/or documents in this matter, and to their admissibility at trial.

### SPECIFIC RESPONSES TO DOCUMENT REQUESTS

***Document Request 1:***    Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

***Response:***    See documents previously produced bearing bate number DRIVESMART 1-78.

***Document Request 2:***    Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

***Response:***    See documents previously produced bearing bate number DRIVESMART 1-78.

***Document Request 3:*** Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

***Response:*** See documents previously produced bearing bate number DRIVESMART 1-78.

See also documents and filings in the matter with caption *Connor v. DriveSmart Auto Care Inc et ano.* (E.D.Ill 24-Civ-08413).

***Document Request 4:*** Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

***Response:*** Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78 as well as documents and filings in the matter with caption *Connor v. DriveSmart Auto Care Inc et ano.* (E.D.Ill 24-Civ-08413).

***Document Request 5:*** Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

***Response:*** Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78 as well as documents and filings in the matter with caption *Connor v. DriveSmart Auto Care Inc et ano.* (E.D.Ill 24-Civ-08413).

11

***Document Request 6:***    All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

***Response:***    No responsive documents.

***Document Request 7:***    All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

***Response:***    No responsive documents.

***Document Request 8:***    All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

***Response:***    Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78 as well as documents and filings in the matter with caption *Connor v. DriveSmart Auto Care Inc et ano.* (E.D.Ill 24-Civ-08413).

***Document Request 9:***    All communications with any third party that dialed the calls to plaintiff.

***Response:***    Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78 as well as documents and filings in the matter with caption *Connor v. DriveSmart Auto Care Inc et ano.* (E.D.Ill 24-Civ-08413).

***Document Request 10:***    All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

***Response:*** Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78 as well as documents and filings in the matter with caption *Connor v. DriveSmart Auto Care Inc et ano.* (E.D.Ill 24-Civ-08413).

***Document Request 11:*** All communications with any third party that provided you the Plaintiff's telephone number.

***Response:*** Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78 as well as documents and filings in the matter with caption *Connor v. DriveSmart Auto Care Inc et ano.* (E.D.Ill 24-Civ-08413).

***Document Request 12:*** All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

***Response:*** Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78 as well as documents and filings in the matter with caption *Connor v. DriveSmart Auto Care Inc et ano.* (E.D.Ill 24-Civ-08413).

***Document Request 13:*** Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to,

13

reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

***Response:*** Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78.

***Document Request 14:*** Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

***Response:*** Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78.

***Document Request 15:*** Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a)      compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b)      obtaining or verifying prior express consent;

c)      complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

***Response:*** Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery.

14

***Document Request 16:*** Produce all contracts or documents representing agreements with any vendor that dialed calls on your behalf, including all drafts, amendments, statements of work, onboarding documents, compliance addenda, and any attachments or schedules thereto.

***Response:*** Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78.

***Document Request 17:*** Produce all complaints, investigations, inquiries, or communications received by you or any vendor acting on your behalf from consumers, the FCC, FTC, state attorneys general, or any other regulator relating to outbound telemarketing during the relevant time period.

***Response:*** Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery.

***Document Request 18:*** Produce all training materials, compliance manuals, call scripts, or instructional documents provided to or used by any third-party dialing calls on your behalf.

***Response:*** Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78.

***Document Request 19:*** Produce all documents showing how Plaintiff's telephone number was acquired, including but not limited to lead purchase records, lead verification records, transfers, or data-sharing agreements between vendors.

Response: Responding Party is not in possession of responsive documents.

15

***Document Request 20:***      Produce all invoices, billing statements, payment records, commission reports, or other financial documents evidencing amounts paid to or received from any vendor that dialed calls on your behalf.

***Response:***      Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery.

***Document Request 21:***      Produce all communications between you and any vendor that dialed calls on your behalf relating to campaign instructions, lead lists, call scripts, transfers, disposition codes, opt-out requests, or compliance monitoring.

***Response:***      Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78.

***Document Request 22:***      Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors, including to the Plaintiff:

   a)      the date and time;

   b)      the caller ID;

   c)      any stop request received;

   d)      any recorded message used;

   e)      the result;

   f)      identifying information for the recipient; and

   g)      any other information stored by the call detail records.

***Response:***      Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without

16

waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78.

***Document Request 23:***      Produce all documents evidencing purported consent obtained for calls or texts made during the class period, including any lead generation forms, webforms or audit trails.

***Response:***      Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery.

***Document Request 24:***      All communications with any third party concerning this litigation other than your attorney.

***Response:***      Responding Party objects to the request as overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery. Subject to and without waiver of the afore-stated objections, Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78.

Dated: New York, New York
        December 19, 2025

s/*Marc Jonas Block*/
Marc Jonas Block

**UNSWORN DECLARATION TO DEFENDANT DRIVESMART AUTO CARE INC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY**

I declare, certify, verify and state under penalty of perjury that the Defendants Objections and Responses to Plaintiff's First Set of Discovery is true and correct.

Executed on ___12/19/2025___

Signed by:
*Daniel Rodd*
DF1EAD11E8EC405...
Daniel J. Rodd

17

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on December 19, 2025, I served a copy of the attached **DEFENDANT DRIVESMART AUTO CARE INC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY** on the following counsel for plaintiff via email:

- Nicholas A. Moschella, Jr., Esq. <nam@moschellalaw.com>; and

- Anthony I. Paronich <anthony@paronichlaw.com>

Dated: New York, New York
December 19, 2025                                     Respectfully submitted,

                                                                     s/*Marc Jonas Block*/
                                                                      Marc Jonas Block

18