# THE LAW OFFICES OF
# MARC JONAS BLOCK PC

42 Broadway, 22ND Floor, New York, New York 10004
40 River Road, Suite 19H, New York, New York 10044
Tel: (646) 821-6886
Fax: (212) 602-0077
MBLOCK@MJBLOCKLAW.COM

April 16, 2026

***VIA ECF FILING***
Magistrate Judge Justin T. Quinn
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> Re:    *Connor v. DriveSmart Auto Care Inc.*
>        *Case Number 3:25-cv-12171-ZNQ-JTQ*

Dear Judge Quinn:

This office represents defendant and third-party plaintiff DriveSmart Auto Care Inc. ("DriveSmart") in the above referenced matter, and writes this correspondence in opposition to the discovery letter application of Max Morgan on behalf of plaintiff, dated April 2, 2026.

The specific issues identified in Mr. Morgan's letter regarding DriveSmart were previously addressed in correspondence between counsel, dated February 18, 2026 (attached hereto as EXHIBIT "A"). As provided in said letter, DriveSmart has fully complied with discovery demands. Specifically:

- Response to Interrogatory No 8 – DriveSmart maintains that the interrogatory that seeks identification of "all communications" is overly broad as it is not limited in scope. Subject to said objection, DriveSmart has identified and produced all responsive documents and communications.

- Responses to Interrogatories No 14 and 17, and Document Request 17 – The interrogatories and document request seek information and documents regarding "all governmental investigations, inquiries, or complaints received from the FCC, FTC, state attorneys general, or any other regulator concerning outbound telemarketing" and "any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls". Said requests are beyond broad, and not proper for discovery. As explained by the Court in *Craigville Telephone Co. et al v. T-Mobile USA, Inc*, 2019WL 426143 (NDIll 2019):

> "even if the general subject matter of a  request 'arguably might be relevant to the claims or defenses in this case, either in whole or in part,' requests that 'cover too  much  territory  with  language  requiring  [an  entity]  to  produce "all documents" "that refer or relate to"  a particular topic, or "all communications" to the same  effect'  are  facially  overbroad. *Craigville Tel. Co.  v.  T-Mobile USA, Inc.*,

THE LAW OFFICES OF MARC JONAS BLOCK PC

The Honorable Zahid N. Quraishi
April 16, 2026
P a g e | 2

> 2022 WL 1499908, at *1 (N.D. Ill. 2022).   It   is not the Court's job to 'right size' Plaintiffs' broad requests on its own, and it again declines to do so. Id.; *see also, Art Akiane LLC v. Art & SoulWorks LLC*, 2021 WL 5163288, *3 (N.D. Ill. 2021) (quoting FED.R.CIV.P.26(b)(1)); *Maui Jim, Inc. v. SmartBuy Guru Enterprises*, 2018 WL 4356594, at *3 (N.D. Ill. 2018)."

Notwithstanding the request for clarification by DriveSmart, plaintiff refuses to narrow the discovery demands, rendering them overly broad and improper.

- Response to Interrogatory No 15 – DriveSmart maintains that it has fully answered the interrogatory, which seeks identification of supervisory individuals regarding "telemarketing activities during the relevant time period." DriveSmart referred plaintiff to Digidev as the party with the relevant information, as it was the contracting party that handles the telemarketing activities at issue. That DriveSmart does not know have further information is not a basis for discovery dispute.

- Document Requests 11 and 12 – As provided in written responses, DriveSmart produced all responsive documents: "Responding Party identifies documents previously produced bearing bate number DRIVESMART 1-78 as well as documents and filings in the matter with caption *Connor v. DriveSmart Auto Care Inc et ano.* (E.D.Ill 24-Civ-08413)."

For the aforementioned reasons, DriveSmart maintains that it has fully complied with appropriate discovery requests. There is simply no basis for plaintiff's current application against DriveSmart.

DriveSmart further objects to the current application as inappropriate as plaintiff appears to have not yet fully produced his own disclosures. While this office will continue in good faith to attempt to resolve discovery issues, we find it inappropriate for plaintiff to seek court intervention at this time.

If there are any comments or questions, please contact the undersigned.

Very truly yours,

*Marc Block*

Marc Jonas Block

Encl.
CC:    Nicholas A. Moschella, Jr. (via ECF)
Anthony Paronich (via ECF)
Peter Cipparulo, Esq. (via ECF)

THE LAW OFFICES OF MARC JONAS BLOCK PC

The Honorable Zahid N. Quraishi
April 16, 2026
P a g e | **3**

# EXHIBIT "A"

LAW OFFICES OF
## MARC JONAS BLOCK PC
42 BROADWAY, 22ND FLOOR, NEW YORK, NEW YORK 10004
40 RIVER ROAD, SUITE 19H, NEW YORK, NEW YORK 10044
TEL: (646) 821-6886
FAX: (212) 602-0077
MBLOCK@MJBLOCKLAW.COM

February 18, 2026

***VIA EMAIL***
Anthony Paronich, Esq.
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

   Re: *Connor v. DriveSmart Auto Care Inc.*
     <u>*Case Number 3:25-cv-12171-ZNQ-JTQ*</u>

Dear Mr. Paronich:

This office serves as counsel to DriveSmart Auto Care Inc. ("DriveSmart") in the above referenced matter, and writes this letter in response to your email of January 29, 2026 regarding DriveSmart's written responses, dated December 19, 2025 to plaintiff's initial discovery demands.

First, neither an amended response nor privilege log is needed or appropriate regarding Response to Interrogatory No 18 as the interrogatory explicitly excludes attorneys. Furthermore, the response identifies that all responsive communications were "produced with bate number DRIVESMART 42-44 and 77-78."

Second, please clarify your position regarding Interrogatories No 14 and 17 concerning investigations not relevant to the current proceedings. The statement in your email that said information is relevant for "vicarious liability" is confusing. Please clarify your theory as to the relevance of the request to discoverable issues. Regarding liability of Digidev LLC, as you are aware, DriveSmart has already produced Sales Representative Agreement, dated June 6, 2023 and related documents (DRIVESMART 1-39) which includes indemnification of DriveSmart by Digidev LLC.

Third, regarding Interrogatory No 15, the information you are seeking, i.e. supervisory individuals at Digidev LLC regarding its "telemarketing activities during the relevant time period," is not in DriveSmart's possession. Rather, Digidev LLC is the party with actual knowledge responsive to said interrogatory.

Fourth, as previously stated, all responsive information has been provided regarding Interrogatories No 1-13 and 15-16.

Fifth, regarding Document Requests No 11 and 12, all responsive disclosure has been provided. See DRIVESMART 1-39, 42-44, 77-78 and 85-115.

## LAW OFFICES OF MARC JONAS BLOCK PC

Anthony Paronich, Esq.
February 18, 2026
P a g e | 2

Sixth, regarding Document Request No 17, please clarify. As provided, it is DriveSmart's position that the request is "overly broad and unduly burdensome, seeking information that is beyond the scope of permissible discovery." It is unclear how conversion of said document demand to an interrogatory renders the request permissible.

If there are any comments or questions, please contact the undersigned.

Very truly yours,

*Marc Block*

Marc Jonas Block

CC:    Nicholas A. Moschella (via email)
       Peter Cipparulo (via email)
       Daniel Rodd (via email)