ORDER



## THE WEITZ FIRM, LLC
### A TRIAL BOUTIQUE

1515 MARKET STREET, #1100
PHILADELPHIA, PENNSYLVANIA  19102
(267)587-6240

Max S. Morgan, Esquire
max.morgan@theweitzfirm.com

May 12, 2026

**VIA CM/ECF**
Hon. Justin T. Quinn
United States Magistrate Judge
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

   **Re:** *Connor v. DriveSmart Auto Care, Inc.*
     Case No. 3:25-cv-12171-ZNQ-JTQ (D.N.J.)

Dear Judge Quinn:

   This firm, along with Paronich P.C. and Law Office of Nicholas A. Moschella, Jr., represent Plaintiff, Jay Connor ("Plaintiff"), in the above referenced putative class action brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, arising from unlawful telemarketing calls placed to Plaintiff's residential telephone number, which has been listed on the National Do Not Call Registry since 2009.

   Plaintiff writes pursuant to Local Rules 16.1 and 37.1 and Paragraphs 5 and 6 of the Court's Civil Case Management Order to respectfully request relief under Federal Rule of Civil Procedure 36(b) permitting withdrawal of admissions deemed admitted due to Plaintiff's untimely responses to Third-Party Defendant DigiDev, LLC d/b/a Trisec Warranty's ("DigiDev") First Set of Requests for Admission.

   DigiDev served its Requests for Admission on February 27, 2026, making responses due March 30, 2026.  Due to a calendaring error internally at Plaintiff's counsel's firm, Plaintiff's responses were served on April 13, 2026—fourteen (14) days after the March 30, 2026 deadline. As set forth below, withdrawal is warranted because it will promote adjudication on the merits and DigiDev will not suffer any prejudice.  Accordingly, Plaintiff seeks relief under Fed. R. Civ. P. 36(b) via this letter, and/or leave of court to file a formal motion seeking relief.

   On May 8, 2026, Plaintiff conferred with counsel for DigiDev.  Counsel for DigiDev does not oppose the relief requested herein.

Federal Rule of Civil Procedure 36(a)(3) provides that a matter is admitted unless the responding party serves a written answer or objection within thirty days of service of the request. However, Rule 36(b) provides that "[t]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Rule 36(b) strongly favors withdrawal where deemed admissions would resolve disputed issues without consideration of the merits. Here, DigiDev's Requests for Admission go directly to central issues in the case, including liability, consent, and damages.

Courts in this district have "great discretion" in deciding whether to permit withdrawal. *K.K.-M v. N.J. Dep't of Educ.*, No. 17-11579, 2023 U.S. Dist. LEXIS 93995, at *5 (D.N.J. May 17, 2023) The party opposing withdrawal bears the burden of demonstrating prejudice. *United States v. Branella*, 972 F. Supp. 294, 301 (D.N.J. 1997). The Third Circuit and this district have consistently recognized that the strong preference for deciding cases on the merits weighs in favor of granting withdrawal where the two-part standard is met. *See K.K.-M*, 2023 U.S. Dist. LEXIS 93995, at *7–10; *Certain Underwriters at Lloyd's of London v. Alesi*, 843 F. Supp. 2d 517, 532–33 (D.N.J. Dec. 30, 2011). Critically, courts have granted withdrawal even where the delay was substantial—months, not weeks—and where the responding party's explanation was limited. *See*, *e.g.*, *K.K.-M*, 2023 U.S. Dist. LEXIS 93995, at *10–11 (granting withdrawal where defendant served responses three and a half months late and acknowledged counsel had "mistakenly failed to request an extension"); *David's Bridal, Inc. v. House of Brides, Inc.*, No. 06-5660, 2010 U.S. Dist. LEXIS 4763, at *9 (D.N.J. Jan. 20, 2010) (granting withdrawal even where responses were served approximately one year late). Here, Plaintiff's fourteen-day delay is far shorter than the delays courts have excused in this district.

The first prong of Rule 36(b) is satisfied where the deemed admissions would impede a merits adjudication of actually disputed issues. *See K.K.-M*, 2023 U.S. Dist. LEXIS 93995, at *7–10 ("[D]enying Defendant's Motion would result in the Court relying on deemed admissions, some of which are actually contested, to determine the summary judgment motion, which is disfavored."); *C.J. Hughes Constr. Co. v. EQM Gathering OPCO, LLC*, 358 F. Supp. 3d 486, 489 (W.D. Pa. 2019) (withdrawal appropriate where RFAs "implicate 90% of plaintiff's total claim" and "the parties disagree about the truth of the statements deemed admitted"). Allowing the deemed admissions to stand would effectively establish as true matters that Plaintiff genuinely disputes and intends to prove at trial. Courts in this district consistently reject such outcomes, emphasizing the strong preference for resolving cases on their merits rather than on procedural defaults. This is not a case involving repeated delay or disregard of court orders. Plaintiff actively participated in discovery and served complete responses promptly after identifying the error. The delay was isolated and minimal.

Permitting the deemed admissions to stand would—as to the denied requests—establish as admitted matters that Plaintiff genuinely contests and intends to prove at trial. The deemed admissions would not reflect the actual state of the facts; they would reflect only a missed deadline. Courts in this district have consistently held that this outcome is "disfavored" and contrary to the "preference for resolution of the case on the merits." *K.K.-M*, 2023 U.S. Dist. LEXIS 93995, at *10 (quoting *Magni v. Cty. of Luzerne*, 2018 U.S. Dist. LEXIS 44652, at *3 (M.D. Pa. Mar. 19, 2018)). The sole exception—where even a merits preference would not justify withdrawal—arises

where the moving party has a *pattern* of dilatoriness and repeated disregard for court orders. *See Kelvin Cryosystems, Inc. v. Lightnin*, 252 F. App'x 469, 472–73 (3d Cir. 2007) (affirming denial of withdrawal where plaintiff "had ignored multiple court orders directing it to produce discovery, consistently missed filing deadlines, and failed to provide satisfactory justification for its repeated delays"). That is not the case here. Plaintiff's responses to DigiDev's broader discovery requests were served on April 13, 2026, demonstrating active engagement with the discovery process. The failure to timely serve the RFA responses was an isolated oversight, not a pattern of noncompliance.

Further, DigiDev has not relied on the admissions in any dispositive motion or litigation strategy. Discovery is still ongoing, no depositions have been taken, and no trial date has been set. DigiDev remains fully able to pursue discovery based on Plaintiff's actual responses. Moreover, the subject of the Requests for Admission—liability and damages—has been at the core of this case from the outset. DigiDev cannot reasonably claim reliance on procedural admissions concerning issues plainly in dispute. Thus, Digidev cannot demonstrate the kind of prejudice Rule 36(b) requires.

While Rule 36(b) does not formally require that the moving party establish good cause for the delay, courts consider the circumstances of the default as part of the overall equitable analysis. See K.K.-M, 2023 U.S. Dist. LEXIS 93995, at *10–11. Here, the circumstances favor Plaintiff. The delay was fourteen days. Plaintiff made a calendaring error; not a strategic decision to withhold responses. Plaintiff served complete, verified responses promptly upon recognizing the oversight. There is no history of dilatoriness, no disregard for court orders, and no pattern of conduct that would warrant treating case ending consequence. This is a single, modest, promptly-corrected lapse.

For the foregoing reasons, <u>Plaintiff respectfully requests that the Court:</u>

**GRANTED**

1. Permit withdrawal of the admissions deemed admitted under Rule 36(a); and

2. Deem Plaintiff's April 13, 2026 responses to DigiDev's Requests for Admission to be the operative responses.

~~3. Alternatively, Plaintiff requests leave of court to file a formal Motion, should the Court require a formal motion on this issue.~~

SO ORDERED 5/13/2026

Hon. Justin T. Quinn, U.S.M.J.

Very truly yours,

**THE WEITZ FIRM, LLC**

MAX S. MORGAN, ESQUIRE

cc:    Anthony Paronich, Esq. (via email)
       Nicholas A. Moschella, Esq. (via email)
       Peter Cipparulo, Esq. (via email)
       Marc Block, Esq. (via email)