

THE WEITZ FIRM, LLC
A TRIAL BOUTIQUE

1515 MARKET STREET, #1100
PHILADELPHIA, PENNSYLVANIA 19102
(267)587-6240

Max S. Morgan, Esquire
max.morgan@theweitzfirm.com

June 1, 2026

**VIA CM/ECF**
Hon. Justin T. Quinn
United States Magistrate Judge
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

   **Re:** *Connor v. DriveSmart Auto Care, Inc.*
     Case No. 3:25cv-12171-ZNQ-JTQ (D.N.J.)

Dear Judge Quinn:

  This firm, along with Paronich P.C. and Law Office of Nicholas A. Moschella, Jr., represent Plaintiff, Jay Connor ("Plaintiff"), in the above referenced putative class action brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227. Pursuant to Local Rules 16.1 and 37.1 and Paragraph 6 of your Honor's Civil Case Management Order, Plaintiff writes to bring the following discovery dispute to the Court's attention.

  This dispute arises from the same discovery responses that were the subject of Plaintiff's April 2, 2026 discovery dispute letter application. (ECF No. 26). As explained in that submission, Digidev's February 18, 2026 interrogatory and document responses repeatedly stated that Digidev "will answer" Plaintiff's discovery requests at some unidentified future date and otherwise relied on boilerplate objections. Plaintiff sought an order compelling complete responses because Digidev had neither provided substantive answers nor produced responsive documents.

  Following Plaintiff's submission, the Court entered a Text Order directing Digidev to file a letter providing legal authority supporting its position that it was permissible to respond to Plaintiff's discovery requests by stating that it "will answer." (ECF No. 33). The Court specifically questioned whether it was permissible to respond to both interrogatories and document requests by promising to answer at some unknown point in the future. *Id*.

  Rather than provide authority supporting its discovery responses, Digidev submitted a letter on April 24, 2026 representing that it had served responsive discovery and that Plaintiff's application had therefore become moot. (ECF No. 34). Plaintiff thereafter reviewed Digidev's purported supplemental responses and production, conferred with Digidev's counsel, and afforded

Digidev additional opportunities to cure the deficiencies. Despite those efforts, the deficiencies identified in Plaintiff's original application remain substantially unresolved.

Most notably, Digidev's purported supplementation consisted of only two things: amended interrogatory responses and the production of a single call recording. Digidev did not serve amended responses to Plaintiff's Requests for Production and did not produce any additional categories of responsive documents. Accordingly, many of the same deficiencies that prompted Plaintiff's April 2 application remain today.

## I. DIGIDEV'S AMENDED INTERROGATORY RESPONSES REMAIN INCOMPLETE AND NONRESPONSIVE

### A. Discovery Requests and Responses at Issue.

Digidev's discovery responses, attached as **Exhibit A**, are deficient and violate both the Federal Rules of Civil Procedure and this Court's Local Rules.

First, Interrogatory No. 2 asks Digidev to identify all employees or vendors involved in making outbound calls as part of the campaign that contacted Plaintiff, including third parties retained to place calls, dialing systems or providers used, and the source of telephone numbers used in the campaign. Digidev responded only that "Omer Khayam is the person involved in handling outbound marketing." That response does not identify all responsive employees, vendors, third parties, dialing systems, lead providers, or other entities involved in the campaign and therefore does not answer the interrogatory.

Second, Interrogatory No. 3 asks Digidev to identify and describe the work performed by each employee or vendor identified in response to Interrogatory No. 2. Digidev responded only that "Omer Khayam is involved in handling all types of marketing." This answer similarly fails to describe the work performed by each responsive employee, vendor, contractor, or third party involved in the telemarketing campaign at issue.

Third, Interrogatory No. 6 asks Digidev to identify all facts supporting any contention that Plaintiff provided consent to receive solicitation calls and to identify when and how such consent was allegedly obtained. Digidev responded only: "See recording made to number 6874 on 3/25/26." This does not answer the interrogatory. The response does not identify when consent was allegedly obtained, the means by which it was allegedly obtained, the source of any consent records, or the facts supporting Digidev's position that valid consent existed before the challenged calls were placed. Instead, Digidev merely references a recording made years after the alleged telemarketing activity occurred. If Digidev does not have evidence of consent, it should state so.

Fourth, Interrogatory No. 7 asks Digidev, if it contends that a third party made the calls alleged in the Complaint, to identify that third party and state all facts supporting that contention. Digidev responded only that "The one call was made by Leaders BPO." The interrogatory, however, expressly seeks the facts supporting that contention. Digidev does not identify the basis for its knowledge, the documents supporting its position, the relationship between Digidev and Leaders BPO, or any facts explaining why Digidev believes Leaders BPO placed the call.

Fifth, Interrogatory No. 9 asks Digidev to identify the systems, platforms, equipment, and technology used by Digidev or its vendors to contact Plaintiff. Digidev objected and provided no substantive information. This information is directly relevant to Plaintiff's claims, the identity and role of the entities involved in the campaign, and Plaintiff's ability to assess whether the call-related information produced by Digidev is complete.

## II.    DIGIDEV HAS NEVER CURED ITS DEFICIENT DOCUMENT RESPONSES

The deficiencies in Digidev's document responses are even more pronounced.

As explained in Plaintiff's April 2 application (ECF No. 26), Digidev's February 18, 2026 responses to Requests for Production Nos. 1-4, 6, 8, 13, and 16-19 stated only that Digidev "will answer." Digidev has never served amended responses to those requests. Thus, despite the Court's April 20 Text Order (ECF No. 33) and Digidev's subsequent representation that responsive discovery had been served (ECF No. 34), these requests remain answered only by the statement that Digidev "will answer."

Likewise, Requests for Production Nos. 5, 7, 9-12, 14, 15, and 20 were met with boilerplate objections that the requests were "unduly vague and overbroad." Digidev has never amended those responses and has never stated whether responsive materials are being withheld on the basis of those objections as required by Fed. R. Civ. P. 34(b)(2)(C).

The practical result is that Plaintiff still cannot determine whether Digidev contends responsive documents do not exist, whether responsive documents exist but are being withheld, or whether Digidev has simply elected not to answer the requests. Nor has Digidev's production cured those deficiencies. The only document produced as part of Digidev's purported supplementation was a single call recording. No additional documents were produced.

Yet, Plaintiff's requests seek, among other things:

- documents supporting or contradicting Digidev's affirmative defenses;
- documents relating to Plaintiff and Digidev's investigation of the calls at issue;
- contracts and agreements with vendors, lead providers, dialing entities, and DriveSmart;
- communications with vendors, lead providers, dialing entities, and DriveSmart concerning telemarketing activity;
- TCPA compliance policies and procedures;
- insurance and indemnification materials; and
- call detail records and related telemarketing data.

Digidev has neither provided proper Rule 34 responses nor produced responsive documents concerning these categories.

### A.    Efforts to Resolve the Dispute Without Court Intervention

Plaintiff has made substantial efforts to resolve these issues without further Court involvement. After reviewing Digidev's purported supplemental discovery, Plaintiff's counsel conferred with Digidev's counsel on May 5, 2026. During that conference, Plaintiff identified the continuing deficiencies in Digidev's interrogatory responses and document production. Digidev agreed that several responses would be supplemented and represented that additional information would be provided.

On May 8, 2026, Plaintiff memorialized the parties' discussion in writing and identified the specific deficiencies that remained outstanding, including the absence of amended document responses, the lack of any production other than the single call recording, the incomplete responses to Interrogatory Nos. 2 and 3, the deficient consent response to Interrogatory No. 6, the incomplete response to Interrogatory No. 7, and Digidev's failure to provide substantive information in response to Interrogatory No. 9.

When no supplementation was received, Plaintiff followed up again on May 16, 2026 and May 20, 2026. Digidev requested additional time and represented that it was attempting to address the issues. Plaintiff followed up once more on May 21, 2026. Despite these repeated efforts and multiple extensions, Digidev has not served any further amended responses, amended its document responses, or produced additional documents.

### B.    Relief Requested

Plaintiff remains unable to obtain basic discovery concerning the entities involved in the telemarketing campaign, the factual basis for Digidev's consent defense, the systems used to place the calls, the relationship among the entities involved, and the documents underlying Digidev's defenses.

Accordingly, Plaintiff respectfully requests that the Court enter an Order directing Digidev to:

1. Serve complete amended responses to Interrogatory Nos. 2, 3, 4, 6, 7, and 9 within ten (10) days;

2. Serve amended responses to Plaintiff's Requests for Production that comply with Fed. R. Civ. P. 34, including Requests Nos. 1-4, 6, 8, 13, and 16-19, for which Digidev previously responded that it "will answer," and Requests Nos. 5, 7, 9-12, 14, 15, and 20, for which Digidev asserted boilerplate objections without stating whether responsive materials are being withheld; and

3. Produce all responsive, nonprivileged documents within ten (10) days.

Very truly yours,

**THE WEITZ FIRM, LLC**

MAX S. MORGAN, ESQUIRE

cc:  Anthony Paronich, Esq. (via email)
Nicholas A. Moschella, Esq. (via email)
Peter Cipparulo, Esq. (via email)
Daniel Rodd (via email)