# Law Offices of
# **Peter Cipparulo, III, LLC**

Peter Cipparulo, III, Esq.*
  *Certified by the Supreme Court of New Jersey*
  *as a Certified Civil Trial Attorney*

349 Route 206, Suite K
Hillsborough, NJ 08844
Phone: (908) 275-8777
Fax: (973) 737-1617
Email:
petercipparulo@cipplaw.com

Aprill 24, 2026

**Via Email**

Nicholas A. Monschella, Esq.
275 Brick Blvd
Brick Township, NJ 08723

Re:  **O'Connor v. Drivesmart Auto care**
     **Case No 3:25-cv-12171**

Dear Mr. Monschella:

    Enclosed are DIGIDEV, LLC d/b/a TRISEC WARRANTY ("DIGIDEV")  responses to Interrogatories and R. 26. Disclosure.

                    Very Truly Yours,

                    /s/ Peter Cipparulo, III
                    PETER CIPPARULO, III

Encl:

Cc:  Mark Block,Esq.

**EXHIBIT
A**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY CONNOR, individually and behalf of others similarly situated, <br><br> Plaintiff, <br> vs. <br> DRIVESMART AUTO CARE, INC., <br><br> Defendant, Third Party Plaintiff <br><br> vs. <br><br> DIGIDEV, LLC d/b/a TRISEC WARRANTY | Case No. 3:23-cv-02562 <br><br> Civil Action <br><br> **DEFENDANT'S OBJECTIONS AND ANSWERSTO PLAINTIFF'S INTERROGATORIES** |

Defendant, **DIGIDEV, LLC d/b/a TRISEC WARRANTY** by and through its attorneys

Law Offices of Peter Cipparulo, III, LLC, submits the following as its objections to the

Plaintiff's Interrogatories.

## GENERAL OBJECTIONS

1.    On the advice of counsel, responding party objects to each inquiry contained

in plaintiff's First Set of Interrogatories to the extent that responding party is required to

disclose information and/or documentation protected from disclosure or other discovery

under the attorney/client privilege, work product doctrine, and/or other applicable

privileges or protections.  Without limitation, this responding party will not produce any

information reflecting the mental impressions, conclusions, opinions, legal theories or

other work product of its counsel or any privileged or confidential information gained by

its counsel.

2.    On advice of counsel, responding party further objects to each inquiry

contained in plaintiff's first set of interrogatories to the extent that it calls for information irrelevant and immaterial to the specific causes of action plead.

3. On advice of counsel, responding party objects to each and every interrogatory to the extent that it seeks confidential, commercial, research and development, subsequent remedial measures or changes, financial or business records, trade secrets, and/or business records.

4. On the advice of counsel, responding party objects to each Interrogatory to the extent that it overly broad, unduly burdensome, oppressive and seeks information which is neither relevant to the causes of action involved in the pending action nor reasonably calculated to lease to the discovery of admissible evidence.

5. On the advice of counsel, responding party objects to each and every Interrogatory to the extent that it seeks information not in this defendant's possession, custody or control.

6. On the advice of counsel, responding party objects to plaintiff's inappropriate and incomplete definitions, nomenclature and terminology employed within each interrogatory. Such incomplete and inappropriate definitions and questioning will make the questions vague and intelligible such that a meaningful response cannot be provided.

7. On the advice of counsel, responding party objects to plaintiff's interrogatories to the extent that they seek information or documentation with regard to individuals or entities other than the named plaintiff and any response or production would violate the rights and confidentiality protections of said non-party individuals who have not authorized the release of their protected information or documentation.

8. On advice of counsel, responding party objects to each interrogatory which

relates to materials authored by third parties/entities which materials are equally accessible to plaintiff. As such, said information or material shall not be provided as plaintiff may easily bear the burden of their own research.

9.    In providing a good faith response to interrogatories, this responding party does not expressly or impliedly adopt, ratify or accept any definition, description, identification or terminology employed by plaintiff with regard to questions and requests. All such objections to said terminology and definitions are preserved for resolution prior to or at time of trial.

Each individual objection is set forth in the following responses.

/s/ Peter Cipparulo, III
PETER CIPPARULO, III

DATED:    April 10, 2026

**INTERROGATORIES**

1.    Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER: Omer Khayam and Umair Mohammed reviewed all interrogatories**

2.    Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system

platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

> **ANSWER:** _Omer Khayyam is the person involved in handling outbound marketing

3.      Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

> **ANSWER: Omer Khayyam is involved in handling all types of marketing**

4.      Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

> **ANSWER:**

> **Third party defendant objects to this interrogatory as unduly vague and not specific to the scope of information.  Notwithstanding this objection Omer Khayam**

5.      Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

> **ANSWER: No one spoke with the Plaintiff as identified in the captioned complaint but we spoke a person who identified himself as Jason Coleman and issued him a policy**

6.      If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**See recording made to number 6874 on 3/25/26**

7.      If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:        The one call was made by Leaders BPO**

8.      Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:**

**Third party defendant objects to this interrogatory as unduly vague, overbroad and not specific to the scope of information sought. Notwithstanding this objection, third party defendant did have conversations with representatives of defendant Drivesmart Auto but they were had after litigation ensued.**

9.    Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:**

**This defendant objects to this interrogatory as unduly vague, overbroad and harassing since the allegation is that defendant made phone call(s) to plaintiff for a number that was on the Do Not Call registry.**

10.    State all facts in support of any affirmative defenses you have raised.

**ANSWER:**

**A person named Jason Coleman consented to the phone calls in his conversation as recorded.   The number receiving the phone call ending in 6874 is not on the "Do Not Call List." This call was made on 3/25/26.  Third party defendant reserves the right to amend this answer through the course of continuing investigation and discovery**

11.     Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**:

**Third party defendant objects to this interrogatory as unduly vague, overbroad and not relevant. Notwithstanding this objection, none.**

## VERIFICATION OF INTERROGATORIES

Umair Muhammed, on behalf of the Third Party Defendant Digidev LLC d/b/a (Digidev) pursuant to 28 U.S.C. § 1746 declares under penalty of perjury that the Interrogatory responses provided by Digidev in this action are true and correct.

Dated:~~October 20, 2020~~ April 24, 2026

Name: Umair Muhammed